## WEIR v. GROAT.

*Married woman — contract by — what is not charge on separate estate.*

A married woman, living with her husband and children, for which the husband ordinarily provided, promised to become responsible for provisions to be furnished for the support of the family. She, at the time, stated that she owned certain separate property, and, after the debt was contracted, promised to pay it. *Held*, that not having made the debt a charge on, and it not being for the benefit of, her separate estate, such estate was not liable therefor.

APPEAL by defendant from a judgment in favor of plaintiff, entered upon the report of a referee.

The action was brought by James Weir against Gertrude Groat, to recover for groceries and provisions sold by plaintiff to the defendant. She is a married woman, having a separate estate, and living with her husband and children, for whom the husband ordinarily provides. The husband had been buying on credit of plaintiff, until the plaintiff would not trust him any longer. He then saw the defendant at her house, and the following contract was made between them : She said, " Would I give her a book ; she wanted to trade on a book. I told her yes, I would give her a book if she would be responsible. She said she would be responsible. I told her I would not trust her husband, and she said she would not ask me to trust him, but that every thing that was got she would be responsible for." At the same time she said she owned that property, meaning the house and lot where they lived. After the debt was made, she promised to pay it. This is the only evidence of an intent to charge her separate estate with the payment of this debt. On this evidence, the referee finds, as a fact, that she agreed to pay for the same out of her separate estate. From the judgment against her she appeals.

*Geo. Day* and *R. A. Parmenter*, for appellant.

*Albert Smith* and *Irving Browne*, for respondent, cited *Maxon* v. *Scott*, 55 N. Y. 247, 251 ; *Yale* v. *Dederer*, 22 id. 456, 460 ; *Corn Ex. Ins. Co.* v. *Babcock*, 42 id. 644 ; *Kelty* v. *Long*, 4 N. Y. Sup. 163 ; *Owen* v. *Cawley*, 42 Barb. 105 ; *Jaques* v. *M. E. Church*, 17

Weir v. Groat.

Johns. 581 ; *Buckley* v. *Wells,* 33 N. Y. 518 ; *Southwick* v. *South-wick,* 9 Abb. (N. S.) 109 ; S. C., 49 N. Y. 518 ; *White* v. *McNett,* 33 id. 380 ; *Ballin* v. *Dillaye,* 37 id. 35 ; *Gardner* v. *Gardner,* 7 Paige, 112 ; *Quassaic Nat. Bank* v. *Waddell,* 3 N. Y. Sup. 684.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

BOARDMAN, J. The case of *Baken* v. *Harder, ante,* p. 440, decided at this term, presents the same legal question upon the same state of facts, and is decisive. It cannot be claimed that this debt benefited her estate, and thereby became a charge. It was the husband's duty to support the family, and he was the person benefited by the property bought.

In order to charge her estate therefor, she must express such intention in her contract. This she has not done. The respondent labors under the false idea that such intention may be inferred from her simple promise to pay. That would destroy the only distinction now remaining between the contracts of a married and unmarried female. No case goes to that extent. In *Maxon* v. *Scott,* 55 N. Y. 251, the court says : " The charge may be made by an oral contract, made upon a good consideration, *expressing such an intention* equally as though the contract was reduced to writing." It must be expressed.

In *Kelty* v. *Long,* 4 N. Y. Sup. 163, and *Owen* v. *Cawley,* 42 Barb. 105, the property was bought for the benefit of the separate estate, and for that reason the wife was held liable.

The wife may, if she pleases, charge her property with any debt, but it is only when it benefits her estate that the intent to charge it thereon becomes unnecessary. In all other cases such intent to charge must be a part of the contract.

The authorities to sustain these principles are too familiar to need citation. The referee, therefore, erred in finding, from the evidence in the case, an agreement to bind and charge her separate estate made by the defendant in connection with this debt.

For this reason the judgment should be reversed and a new trial granted, costs to abide the event.

*Judgment reversed and new trial granted.*